RECEIVED
BY MAIL
JUN 27 2005
CLERK, US DIST. COURT
ST. PAUL, MN

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2688

CR 02-84(2) RHK/AJB

United States of America, *
*
Plaintiff-Appellee, *
*
v. *
*
George Edward Dobbs, *
*
Defendant-Appellant. *

No. 03-2762

Appeals from the United States District Court for the District of Minnesota.

United States of America, *
*
Plaintiff-Appellee, *
*
v. *
*
Raymond Claude Leatham, *
*
Defendant-Appellant. *

Submitted: March 4, 2005
Filed: May 27, 2005

SCANNED
JUL 8 2005
U.S. DISTRICT COURT ST. PAUL

Before LOKEN, Chief Judge, BRIGHT, and SMITH, Circuit Judges.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

BRIGHT, Circuit Judge.

This case is before us following the order of the Supreme Court remanding the case to us for reconsideration in light of United States v. Booker, 125 S. Ct. 738 (2005).

In our prior opinion[1] we affirmed the judgment of the district court[2] finding the appellants, Leatham and Dobbs, guilty of mail fraud and sentencing each appellant to be imprisoned for thirty-four months and to pay restitution. In that opinion, we rejected appellants' argument that the verdict was not supported by substantial evidence. We again reject that argument, for the reasons stated in our prior opinion.

We consider now the issues raised by the Supreme Court's decision in Booker. The Supreme Court held in Booker, first, that a court violates the Sixth Amendment when it makes a factual finding, other than as to the fact of a prior conviction, that increases the statutorily prescribed maximum sentence the defendant may be given. Id., at 749-50. The district court made no such findings in these cases, so there is no constitutional violation here.

The Supreme Court held in Booker, second, that the statutory provisions purporting to make the sentencing guidelines mandatory are invalid. Id. at 759-60. The guidelines thus are advisory. The district court sentenced both appellants under the mandatory sentencing guidelines. The court thereby erred, though the error did not violate the appellants' Sixth Amendment rights. Because the appellants did not object to the error, however, we review for plain error. United States v. Pirani, No. 03-2871, 2005 WL 1039976 (8th Cir. Apr. 29, 2005).

---

[1]United States v. Dobbs, 105 Fed. Appx. 132 (8th Cir. 2004).

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

We have held that sentencing error established under Booker does not warrant relief under the plain error standard unless there is some affirmative indication in the record – beyond a sentence at the bottom of the appropriate sentencing guideline range – that the sentencing judge would have imposed a more lenient sentence if the judge had understood the guidelines as advisory rather than mandatory. Pirani, 2005 WL 1039976 at *6-7. We have searched the record in these cases – including the transcript of the sentencing hearings – and we find no such affirmative indication. Under the Pirani plain error standard, therefore, we may not vacate the sentences and remand for resentencing.[3]

Accordingly, the judgments of the district court are affirmed.

---

[3]As noted in Pirani, other federal appellate courts have adopted a less restrictive view of plain error review under Booker than the rule established in this circuit in Pirani. This panel is obligated to apply the Pirani rule unless and until the Supreme Court resolves the conflicting rules of the circuits contrary to our approach.